IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SMS DEMAG, Inc., a Pennsylvania Corporation,<br>       Plaintiff,<br><br>    v.<br><br>ABB TRANSMISSONE & DISTRIBUZONE,<br>S.p.A., a Foreign Corporation,<br>       Defendant. | Civil Case No. 05-00466<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

This matter is before the Court on Defendant ABB's "Motion for Clarification of the Court's March 31, 2008 Opinion" [55]. ABB requests "clarification as to which damages could be recovered by SMS following the Court's ruling" on the cross-motions for summary judgment. (Docket No. 55 at 3). Plaintiff SMS counters that the scope of ABB's request is overbroad and that the motion does not seek clarification but rather reconsideration or an expansion of the Court's Opinion. (Docket No. 57). The Court agrees with the argument set forth by SMS and finds that its March 31, 2008 Opinion is sufficiently clear and does not require clarification. ABB's Motion for Clarification [55] is therefore DENIED.

In its Motion for Clarification, ABB asserts the following:

> ABB requests that the Court clarify that SMS' remaining claim is only for those repair and replacement costs associated with the tasks identified on page 4 of the Opinion which can be classified as "incidental damages" and not "consequential damages" as those terms were defined in the Opinion. ABB requests the Court further clarify that SMS is not permitted to recover delay damages of any kind, attorneys' fees incurred in this action, attorneys' fees incurred in the SMS-NAS arbitration or the amounts paid by SMS to NAS as a result of the ruling in the SMS-NAS arbitration.

(Docket No. 55 at 3). The Court understands ABB's argument as a request: (1) to reconsider the

Court's decision as to ABB's motion for partial summary judgment on SMS' breach of warranty claims; and/or (2) to apply the reasoning of the Court's decision to additional claims set forth by the Plaintiff in its Complaint that were not included in ABB's original motion for partial summary judgment.

To the extent that ABB seeks reconsideration, the Court denies the same as ABB has not demonstrated that it is entitled to reconsideration. ABB has not met its burden as set forth in *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669 (3d Cir.1999), to show that one of the factors permitting the Court to grant reconsideration is present. ABB does not argue any of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café*, 176 F.3d at 677. ABB's motion for reconsideration is therefore denied.

Further, to the extent that ABB requests that the Court apply the reasoning of the March 31, 2008 Opinion to claims not raised in ABB's original motion for partial summary judgment, the Court finds that said argument fails because the Motion is procedurally defective. ABB has, in effect, moved for summary judgment on these additional claims. Despite a request for summary judgment on the claims at issue, the instant motion does not conform to the requirements set forth in Rule 56 of the Federal Rules of Rules of Civil Procedure, or Local Rule 56.1 of the Local Rules of Court for the Western District of Pennsylvania. To the extent that the instant ABB motion can be construed as a motion for summary judgment, it is likewise denied.

Accordingly, based on the foregoing, ABB's Motion for Clarification [55] is **DENIED**. However, this Memorandum Order shall not preclude ABB from arguing similar points of law at the appropriate time by way of a subsequent Rule 56 motion at the conclusion of discovery, a motion

in limine prior to trial, or a Rule 52 motion in conjunction with the agreed upon bench trial. The Court notes that this matter was initially bifurcated as the parties agreed that matters of contract interpretation could potentially be resolved upon a motion for summary judgment. (*See* Docket No. 9). As a result of this Court's Opinion of March 31, 2008 and the bifurcated nature of this litigation, further discovery is necessary. The Court shall convene a status conference on July 11, 2008 at 11:00 a.m. at which time the Court will set discovery deadlines and enter an appropriate Case Management Order.

    IT IS SO ORDERED.

                                                  s/ *Nora Barry Fischer*
                                                  Nora Barry Fischer
                                                  United States District Judge

Dated: June 12, 2008

cc:     All counsel of record.